# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MARIA PETER, MICHAEL PETER,
JULIKA BERGER and JAROLIN
BERGER,

    Plaintiffs,

v.                                              Case No: 5:22-cv-36-GAP-PRL

SUSAN DIANE WOJCICKI,
WILLIAM HENRY GATES,
STEPHANE BANCEL and ALBERT
BOURLA,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Plaintiffs, residents of Germany and Austria, who are proceeding *pro se*, filed a complaint against various CEOs of companies who reside in California, Washington, Massachusetts, and New York, claiming that the named CEOs were negligent in media coverage of the Covid-19 pandemic and promotion of Covid-19 vaccines. (Doc. 1). Plaintiffs move the court to proceed *in forma pauperis*. (Doc. 2). For the following reasons, the motion is due to be denied and the complaint dismissed.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." *Id.* 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

Plaintiffs appear to be attempting to bring this case under the court's diversity jurisdiction. However, it is unclear why the suit was filed in the Middle District of Florida. "A civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Plaintiffs do not allege that they reside here, nor do the defendants. Most importantly, Plaintiffs allege no facts that occurred in the Middle District of Florida that gave rise to this suit. Instead, Plaintiffs allege that any wrongdoing by the Defendants occurred in California, Washington, New York, and Massachusetts.

"Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. section 1915 as malicious." *Verner-Buchowski v. Beary*, 609-CV1966-ORL-31GJK, 2009 WL 4730544, at *1 (M.D. Fla. Dec. 7, 2009) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)). Likewise, "[a]n *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under section 1915." *Id.* In this instance, Plaintiffs have filed the same complaint, alleging the same facts, against the same defendants, in multiple jurisdictions. *See Peter et al v. Wojcicki et al*, 8:22-

cv-00169-TPB-SPF (filed on January 21, 2022); *Peter et al v. Wojcicki et al*, 6:22-cv-00094-RBD-EJK (filed on January 21, 2022); *Peter et al v. Wojcicki et al*, 2:22-cv-00043-JLB-NPM (filed on January 21, 2022); *Peter et al v. Wojcicki et al*, 3:22-cv-00082-HES-MCR (filed on January 24, 2022). In the Tampa Division, Judge Barber dismissed the case with prejudice as non-justiciable and frivolous. *Peter et al v. Wojcicki et al*, 8:22-cv-00169-TPB-SPF (Endorsed Order entered January 25, 2022) ("Plaintiffs, who appear to be German citizens, have filed a lawsuit against Bill Gates and others. The complaint is largely incomprehensible but appears to criticize media coverage of the covid-19 pandemic and promotion of covid-19 vaccines. Plaintiffs claim to suffer from anxiety and request $25,000 each for compensatory damages and $16 trillion in punitive damages. This case is dismissed with prejudice as non-justiciable and frivolous."). Here, Plaintiffs' complaint has the exact same deficiencies and should be dismissed as duplicative and frivolous.

Accordingly, for the reasons discussed above, it is recommended that Plaintiffs' motion (Doc. 2) be denied and the complaint dismissed.

Recommended in Ocala, Florida on February 7, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy